UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON MAYS** | **CIVIL ACTION** |
| **VERSUS** | NO: 16-13139<br>C/W: 16-13318, 16-13952,<br>16-13951, 17-668<br>RE: all |
| **C-DIVE LLC ET AL.** | **SECTION "H" (5)** |

## ORDER AND REASONS

Before the Court is C-Dive LLC's Motion for Partial Summary Judgment on Jones Act Negligence (Doc. 90). For the following reasons, the Motion is DENIED.

## BACKGROUND

This is a consolidated action arising from a pipeline explosion. The remaining plaintiff, Adam Zima,[1] alleges that he was injured while working for C-Dive, LLC ("C-Dive") aboard its vessel, the DSV MS KERCI.

The crew of the DSV MS KERCI was charged with abandoning a pipeline owned by Gulf South Pipeline Company, LP ("Gulf South") on the seabed of the Gulf of Mexico. On August 25, 2015, the crew began jetting the seabed in order to expose the pipeline to be abandoned. C-Dive was aware that there were

---

[1] Plaintiffs Jason Mays, Brian Beadell, and Matthew Boyd have settled their claims in this matter.

1

numerous active pipelines in the area surrounding the pipeline to be abandoned. During the jetting process, C-Dive found that the pipeline that was being uncovered by the divers on the seabed was different from what was depicted in the area maps provided to them by Gulf South. C-Dive was unsure whether it was uncovering the pipeline that it had been tasked with abandoning. C-Dive eventually requested additional maps, but continued jetting the same pipeline. On August 26, the divers uncovered a broken stand-off, or support piece, on the pipeline they were uncovering, but again the jetting process continued. Later that day, an explosion occurred, resulting in a massive wave and fireball hitting the back of the MS KERCI. It was later determined that the explosion was the result of a gas release from an end connector that had separated from the active pipeline that C-Dive had uncovered. Zima was injured while assisting other crewmembers who had abandoned ship back onto the vessel.

Plaintiff brings claims for negligence, Jones Act negligence, and unseaworthiness against C-Dive and Gulf South. C-Dive moves for a partial summary judgment dismissing Plaintiff's Jones Act negligence claim and holding that C-Dive did not cause the explosion. Plaintiff and Gulf South oppose this Motion.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue of fact exists only "if

---

[2] Fed. R. Civ. Pro. 56.

the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

# LAW AND ANALYSIS

Plaintiff and Gulf South argue that C-Dive is liable under the Jones Act for its negligence in causing the explosion during which Plaintiff was injured. They allege that C-Dive was negligent in (1) continuing to jet despite being unsure whether it was jetting the correct pipeline, (2) failing to invoke stop work authority when a diver discovered a broken stand-off on the pipeline, and (3) failing to invoke stop work authority when its crew realized it had inadequate drawings of the pipelines in the area. C-Dive argues that the scope of work for the project required it to jet the entire area surrounding the pipeline to be abandoned and therefore it was not negligent in jetting the adjacent pipeline. It also points out that even Gulf South's engineering expert found that the broken stand-off did not prevent the end connector from performing as designed.

"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.'"[10] "A seaman is entitled to recovery under the Jones Act . . . if his employer's negligence is the cause, in whole or in part, of his injury."[11] "The standard of causation in Jones Act cases is not demanding."[12] Even so, the negligence must rise beyond mere but for causation and be a legal cause of the injury.[13] A seaman need only show that "employer negligence played any part, even the slightest, in producing the injury."[14] "Although in Jones Act cases a 'jury is entitled to make permissible inferences from unexplained events,' summary judgment is nevertheless warranted when

---

[10] Chandris, Inc. v. Latsis, 515 U.S. 347, 354 (1995) (quoting 46 U.S.C. § 688(a)).
[11] Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997).
[12] Johnson v. Cenac Towing, Inc., 544 F.3d 296, 302 (5th Cir. 2008).
[13] *Id.*
[14] Johnson v. Horizon Offshore Contractors, Inc., No. 06-10689, 2008 WL 916256, at *4 (E.D. La. Mar. 31, 2008).

4

there is a complete absence of proof of an essential element of the nonmoving party's case."[15]

Plaintiff and Gulf South present the following evidence to prove Plaintiff's Jones Act claim.

- C-Dive's engineering expert indicated that a broken stand-off can result in stored energy in the pipeline.
- Plaintiff Adam Zima testified that a broken stand-off can cause damage to the pipe and should warrant the use of stop work authority.
- C-Dive's Dive Superintendent, Jerrico Jeansonne, stated that it is his belief that C-Dive's jetting operations removed the support underneath the active pipeline and allowed the end connector to separate.
- C-Dive's Root Cause Report identifies a lack of accurate maps as a contributing cause of the accident. It counsels that in the future a refusal to submit the latest drawings of a work area will trigger stop work authority.
- C-Dive had access to the OARS system in the dive shack, which would have displayed the location of all the pipelines in the area, but it was not utilized.
- Gulf South's engineering expert concluded that there was no evidence that there were any defects in the end connector prior to the incident and that instead "external forces applied to the facilities at the time of the incident" were the likely cause of the end connector separating from the pipe. It is not disputed that C-

---

[15] *Id.*

Dive was applying external forces, i.e. jetting, to the pipeline at the time the end connector separated and resulted in an explosion.

Accordingly, Plaintiff and Gulf South have provided sufficient evidence to create a material issue of fact as to whether C-Dive was negligent and whether that negligence played any part in Plaintiff's injury. This is not a case in which there is a complete absence of proof of Plaintiff's Jones Act claim such that summary judgment is warranted. Further, determinations of negligence and causation are questions of fact best decided at a trial on the merits.[16]

## **CONCLUSION**

For the foregoing reasons, C-Dive's Motion is DENIED.

New Orleans, Louisiana this 2nd day of August, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[16] GIC Servs., L.L.C. v. Freightplus USA, Inc., 866 F.3d 649, 658 (5th Cir. 2017).