UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON MAYS** | **CIVIL ACTION** |
| **VERSUS** | NO: 16-13139<br>C/W: 16-13318, 16-13952,<br>16-13951, 17-668<br>RE: all |
| **C-DIVE LLC ET AL.** | **SECTION "H" (5)** |

## ORDER AND REASONS

Before the Court is C-Dive LLC ("C-Dive"), Catlin Insurance Company ("Catlin"), and New York Marine and General Insurance Company ("New York Marine")'s Motion to Certify a Judgment as Final (Doc. 130). For the following reasons, the Motion is DENIED.

## BACKGROUND

This is a consolidated action arising from a pipeline explosion. The remaining plaintiff, Adam Zima,[1] alleges that he was injured while working for C-Dive aboard its vessel, the DSV MS KERCI. The crew of the DSV MS KERCI was charged with abandoning a pipeline owned by Gulf South Pipeline Company, LP ("Gulf South") on the seabed of the Gulf of Mexico. During work

---

[1] Plaintiffs Jason Mays, Brian Beadell, and Matthew Boyd have settled their claims in this matter.

1

on August 26, 2015, there was a release of gas that caused an explosion and injured Plaintiff.

In a prior order, this Court held that the Master Service Agreement between C-Dive and Gulf South required C-Dive to make Gulf South an additional insured on C-Dive's comprehensive general liability policies issued by Catlin and New York Marine, triggering coverage for Gulf South via automatic additional insured clauses in those policies.[2] C-Dive, Catlin, and New York Marine ("Movants") now ask this Court to certify that ruling as a partial final judgment under Federal Rule of Civil Procedure 54(b), allowing Movants to seek appellate review.

## LAW AND ANALYSIS

Rule 54(b) states that:
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

According to the Fifth Circuit, "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals."[3] Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice.[4] "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[5] The threshold inquiry for this Court, then,

---

[2] Doc. 124.
[3] PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt., 81 F.3d 1412, 1421 (5th Cir. 1996).
[4] *Id.*
[5] *Id.* (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)).

is whether "there is no just reason for delay."[6] This determination is within the sound discretion of the district court.[7] In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review" against "the danger of denying justice by delay."[8]

Here, Movants have failed to establish a hardship or injustice that would result from waiting for appellate review after this matter has reached final judgment. Certification at this stage would result in piecemeal litigation. Since the Movants filed this Motion, this Court has made additional rulings that affect the relationship between Movants and Gulf South. Specifically, this Court recently held that the contract between C-Dive and Gulf South was a maritime contract, and therefore state anti-indemnification laws do not apply.[9] An appeal only of the determination of additional insured status would not allow the appellate court to address these issues that equally affect Movants' legal obligations. In addition, an appeal at this time will not avoid the necessity of a trial to determine liability between C-Dive and Gulf South, as well as Zima's damages. Accordingly, this Court finds that there is just reason for delay.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 9th day of August, 2018.

---

[6] *See* Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992).
[7] *Id.*
[8] Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992) (quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950)).
[9] Doc. 134.

*[signature]*
_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**